```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
EMANUEL HANCOCK,                        :
                    Plaintiff,          :
                                        :      10 Civ. 4607 (DLC)
           -v-                          :
                                        :
HON. EDWIN MCLAUGHLIN, et al.           :          OPINION
                    Defendants.         :         AND ORDER
                                        :
----------------------------------------X
```

Appearances:

For the plaintiff:
Emanuel Hancock, pro se
192 Bradhurst Avenue #2
New York, NY 10039

For the defendants Laura Ward and Edwin McLaughlin:
Andrew Cuomo
Susan Anspach
Attorney General's Office, State of New York
120 Broadway, 24th Floor
New York, NY 10271

For the defendant Naga Jujjavarapu:
Eva Marie Dowdell
Cyrus R. Vance, Jr.
District Attorney's Office, New York County
One Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

 The pro se plaintiff Emanuel Hancock ("Hancock") has brought suit against two state judges, an assistant district attorney, and two police officers, alleging malicious prosecution and deliberate violations of his civil rights under the Fourth and Fourteenth Amendments to the United States

Constitution pursuant to 42 U.S.C. § 1983 ("§ 1983").  The judges and prosecutor have moved to dismiss the complaint against them.  For the following reasons, both motions are granted.

BACKGROUND

The following facts are taken from the plaintiff's amended complaint and from the state court decision reversing his conviction and dismissing the indictment.[1]  The plaintiff alleges that he was sitting in a parked car in front of his home on August 11, 2008, when police officers Glenn Crystal ("Crystal") and Steven Carra ("Carra") approached the car.  The police officers searched Hancock's car and found a forged driver's license.  Hancock was arrested and charged under a multiple-count indictment.  He alleges that Carra and Crystal provided false testimony to the grand jury, "along with [Assistant District Attorney Naga] Jujjavarapu" ("Jujjavarapu").  At a pretrial suppression hearing conducted by the Honorable Laura A. Ward ("Ward"), the defendant's motion to suppress the driver's license was denied.  Hancock was convicted at a jury trial before the Honorable Edward J. McLaughlin ("McLaughlin") of criminal possession of a forged instrument on or about March 10, 2009, and was sentenced to three years' imprisonment.  He

---

[1] People v. Hancock, 896 N.Y.S.2d 680 (App. Div. 1st Dep't 2010).

appealed the conviction.  On March 25, 2010, the Appellate Division reversed the conviction, granted the motion to suppress the evidence, and dismissed the indictment against Hancock.  Hancock was released from prison on March 26, 2010, after serving approximately twenty months.

The plaintiff commenced this action on June 14, 2010, seeking more than $20 million in compensatory and punitive damages for his loss of liberty, some lost and damaged property, and pain and suffering.  In his original complaint, he named Carra, Crystal, Ward, McLaughlin and Jujjavarapu as defendants.  On August 11, Ward and McLaughlin (the "State Defendants") filed a motion to dismiss the complaint (the "State Motion") on the grounds that the plaintiff's claims were barred by the Eleventh Amendment and by the doctrine of absolute judicial immunity.  The plaintiff's opposition to the State Motion was due September 10.  On August 27, the plaintiff was granted an extension until October 22 to oppose the State Motion.  On September 15, the plaintiff submitted a proposed amended complaint adding the State of New York and the City of New York as defendants.  The Court granted the plaintiff permission to file the amended complaint on October 8.  In the October 8 Order, the plaintiff's claim against the State of New York was dismissed as barred by the Eleventh Amendment.

On October 20, Jujjavarapu filed a motion to dismiss the complaint (the "Jujjavarapu Motion") for failure to state a claim, as barred by absolute prosecutorial immunity, and for failure to serve a timely notice of claim.  The plaintiff's opposition to the Jujjavarapu Motion was due November 12.  In response to a letter from the State Defendants, the Court granted the plaintiff an additional extension of time to oppose the State Motion until November 19.  The plaintiff was advised that if he did not oppose the motion, it would be decided on the record before the Court.  To this date, the plaintiff has not opposed either the State Motion or the Jujjavarapu Motion.

## DISCUSSION

The State Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Jujjavarapu moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  Quern v. Jordan, 440 U.S. 332, 341 (1979).  Therefore, "state officials cannot be sued in their official capacities for retrospective relief [i.e., money damages] under section 1983."  Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2005).  Because the State Defendants are employees of the State of New York, to the extent that the plaintiff is suing them in their official capacities, his claims must be dismissed on the ground of sovereign immunity.

4

Claims pursuant to § 1983, however, also may be brought against an individual in his individual capacity. See, e.g., id. See also Hafer v. Melo, 502 U.S. 21, 25 (1991). The "course of proceedings" will indicate the nature of the liability sought. Dean v. Blumenthal, 577 F.3d 60, 67 n.5 (2d Cir. 2009) (citation omitted). Because Hancock's suit seeks money damages, the complaint is construed as a suit against the State Defendants in their individual capacities as well.

The State Defendants (with respect to any claims in their individual capacities) and Jujjavarapu move to dismiss the claims against them for failure to state a claim on the ground of absolute immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." Id. "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." Id. at 210. Specifically, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990) (citation omitted).

"Liability will not attach where a judge violated state law by an incorrect decision."  Id.

Prosecutors, including assistant district attorneys, "are entitled to absolute immunity . . . because their prosecutorial activities are intimately associated with the judicial phase of the criminal process."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted).  The Second Circuit "ha[s] consistently stated that prosecutors are immune from § 1983 liability for their conduct before a grand jury."  Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995); see also Bernard v. Cnty. of Suffolk, 356 F.3d 495, 505 (2d Cir. 2004).

In this case, Hancock alleges that Ward issued an unconstitutional ruling on his motion to suppress.  He does not allege any specific act by McLaughlin except that McLaughlin presided over his criminal trial and sentenced him.  It is undisputed that both State Defendants were acting within their judicial function when they made rulings and issued orders in Hancock's case.  The fact that the conviction was later overturned does not change the defendants' entitlement to immunity.  The State Defendants are absolutely immune from suit on all of Hancock's claims.

Jujjavarapu also is absolutely immune from suit.  Hancock's only factual assertion related to her is that "[t]he testimony provided to the grand jury by Officers Crystal [and] Carra along

6

with ADA Jujjavarapu was not [the] truth." Jujjavarapu's presentation of evidence to the grand jury is an activity for which she is protected by absolute immunity. See Bernard, 356 F.3d at 505.[2]

## CONCLUSION

The August 11 State Motion and the October 20 Jujjavarapu Motion are granted. The plaintiff's claims against defendants Ward, McLaughlin, and Jujjavarapu are dismissed.

SO ORDERED:

Dated:   New York, New York
         December 13, 2010

_____
           DENISE COTE
     United States District Judge

---

[2] Because the claims are dismissed on sovereign and absolute immunity grounds, it is unnecessary to decide the remainder of the defendants' arguments for dismissal.